Argued December 18, 1918, affirmed February 11, rehearing denied March 11, 1919.

## BLIGH *v.* LAFLER.

(178 Pac. 353; 179 Pac. 238.)

**Evidence—Judicial Notice—Equipment.**

1. The court cannot take judicial notice of what the term "equipment" includes as used in a contract for sale of theater equipment.

**Evidence—Construction of Contract—Meaning of Word.**

2. It was competent for parties to a contract for sale of theater equipment to show the situation existing at time of contract and to produce evidence not to contradict the contract, but to aid in interpreting the term "equipment" in an action to recover agreed payments.

[As to evidence to explain words used in a written contract, see note in 122 Am. St. Rep. 545.]

**Appeal and Error—Review—Jury Question.**

3. Where evidence is conflicting, verdict of jury on question properly submitted is final.

**Sales—Action to Recover Price—Reply.**

4. In an action to recover the balance due under a sale contract, new matter in reply *held* a declaration that there were negotiations looking to a new agreement, and not an allegation showing a new agreement which would have been a variance and departure from the complaint.

### ON REHEARING.

**Appeal and Error—Rehearing—Printing Brief and Argument.**

5. A petition for rehearing will be denied where the brief and argument accompanying it are typewritten instead of being printed, as required by rule 25 (89 Or. 721, 173 Pac. xi), Supreme Court Rules.

From Marion: PERCY R. KELLY, Judge.

Department 1.

On July 1, 1914, the plaintiff entered into a written contract with J. W. Maloney, since deceased, and the other parties named as defendants in this case, whereby he agreed to sell to them the equipment, giv-

ing a bill of sale warranting the title thereof, and to transfer to them his lease of a theater in Albany. In the contract he made certain representations about the income from the patronage of the place. The other parties to the contract agreed to organize a corporation to take over the property transferred and with the concern thus formed to join in the payment to plaintiff of $1,000 cash, which they paid, and to pay $2,500 more in semi-annual installments of $500 each, beginning January 1, 1915, and terminating January 1, 1917. On August 28, 1916, this action was begun by the plaintiff to recover the first four installments.

The making of the contract is admitted. After challenging the complaint in certain particulars the first affirmative defense was to the effect that the plaintiff misrepresented the receipts of the business and that he was not in fact the owner of the switch-board system in the theater, including dimmers, footlights and electric equipment and other articles mentioned. Wherefore the defendants said they had "suffered damage in a sum exceeding that demanded in plaintiff's complaint." The second defense was to the purport that the value of the property which plaintiff did not own and which the defendants claim was included in what he contracted to sell, is greater than the balance demanded by him, the conclusion being that the defendants are not indebted to the plaintiff under the contract. The third, in substance, is that the plaintiff's landlord had brought an action against him to recover for arrears of rent accruing during the occupancy of the premises by the defendants; that issue was joined and during the progress of the trial the present plaintiff proposed to the defendants and the corporation which they had formed that they transfer all their rights in the property to the original landlord, "who would in turn convey the same to certain purchasers who would

undertake to operate the same making settlement with said Conrad Meyer [the landlord] for his claim of rental and with plaintiff for any balance claimed to be due him because of his sale of his interest in said theater to these defendants.'' The defendants say they surrendered the property to Meyer and that on account thereof his action has not since been prosecuted against the present plaintiff and the latter is thereby estopped from claiming anything from them on account of the contract mentioned in his complaint.

By way of counterclaim the defendants essayed to recover as damages the $1,000 paid on the purchase and $1,200 besides for expenditures they had made in the conduct of the business while they had it, but that is not involved in the questions presented on this appeal.

These affirmative defenses were traversed by the reply and for his amended reply the following matter was set up by the plaintiff:

''Plaintiff alleges that on or about the 5th day of June, 1914, defendants took possession of said theater, equipment and furnishings and operated the same in connection with the Albany Amusement Company, a corporation, until about July, 1915, at which time said defendants and corporation became indebted to the said Conrad Meyer, owner of the building covered by said lease, as rental the sum of approximately $1,600.

''That by reason of the financial irresponsibility of the defendants and the Albany Amusement Company, the said Conrad Meyer instituted an action at law in this court against the plaintiff for the collection of the balance due him from defendants as rental for said premises.

''That said cause came on for trial in this court upon the issues raised by the pleadings and during the progress of said trial the defendants herein requested this plaintiff and Conrad Meyer to postpone the trial of said action for a short time in order to enable them to

make arrangements with certain third parties whereby these defendants would be able to pay plaintiff the amount of $2,000 due upon the purchase price of the theater, equipment, furnishings and lease as set forth in the complaint, by way of compromising the matters sued upon in this action.

"That plaintiff accepted said proposition tentatively and agreed at the time to accept from the defendants the sum of $2,000 in full payment of the amount due him under the contract set forth in the complaint by way of compromise, upon the condition that the same should be paid immediately thereafter.

"That in order to enable these defendants to make arrangements to pay this plaintiff said sum, this court made an order postponing the trial of said cause indefinitely and thereafter Conrad Meyer, through his attorney, dismissed said action in this court.

"That the defendants failed to pay the claim herein sued upon in accordance with the above compromise or any part thereof."

The errors assigned are to the effect that the court was wrong in overruling the defendants' motions for judgment on the pleadings, for a nonsuit and for an order directing a verdict in favor of the defendants, all of which are based upon the theory that the reply discloses that the contract sued upon was superseded by a new one and that the sole remedy of the plaintiff depends upon a breach of the later stipulation. An additional ground for the motion to direct a verdict was to the effect that the evidence showed that an important part of the equipment of the theater, to wit, the electric switchboard, electric dimmers, etc., were not the property of the plaintiff and were not transferred by him to the defendants.

There were no exceptions to the charge of the court. The jury found a verdict for the plaintiff for $2,000, and from the judgment thereon the defendants appeal.

AFFIRMED.

For appellants there was a brief, with oral arguments by *Mr. Charles A. Hart* and *Mr. Roy F. Shields.*

For respondent there was a brief over the names of *Messrs. McNary & McNary* and *Mr. Everil M. Page,* with an oral argument by *Mr. John H. McNary.*

BURNETT, J.—1, 2. The court cannot take judicial notice of what the term "equipment" includes. Hence it was competent for the parties to show the situation existing at the time they contracted, and to receive testimony, not to contradict, but to interpret the term under consideration.

3. There was testimony which, if believed by the jury, showed that Meyer built the theater and installed the electrical appliances which the defendants claim plaintiff agreed to sell to them. He contends that all of them were built into the building by the original owner as and when it was erected and to him they belonged as fixtures; that when the parties were examining the plant with a view of purchasing, he explained to them that he did not own them or the piano, but that he owned certain scenery and other articles used in the conduct of the show house. They, of course, dispute this and contend that the contract included not only what he represented in his testimony that he owned, but also all other things that could in any way be counted as equipment necessary for the conduct of a theater. This matter was properly submitted to the jury and the decision as embodied in the verdict was against the defendants.

4. It is necessary to analyze the new matter in the reply to determine whether or not there is a departure from the original cause of action, or whether a new contract was formed, so that the plaintiff's only rem-

edy would be an action to recover as for a breach of the new agreement. As stated above, the new matter of the amended reply recites that defendants took possession of the property and that Meyer had instituted an action against the plaintiff to recover rent under the original lease. It then states in effect that during the pendency of the action of Meyer against Bligh the defendants requested the parties litigant to postpone the same in order to enable them, the defendants here, to arrange with certain third parties whereby the former would be able to pay the plaintiff $2,000 due upon the purchase price of the theater, equipment, etc. This is not an averment that the defendants promised anything or agreed to perform any new arrangement. It merely amounts to a statement that they importuned the litigants for delay, to see if they could bring about a compromise. In substance it is that they intervened and got leave to imparl. The next paragraph is to the effect that the plaintiff accepted said proposition "tentatively" and agreed at the time to take $2,000 in full payment of the amount due him, upon condition that it should be paid immediately. Substantially this is merely a statement that the plaintiff made an offer to the defendants, but it nowhere appears in the reply that the latter accepted the offer. Consequently, no new or different contract resulted. Taken by its four corners, the new matter in the reply is no more than a declaration that there were negotiations looking to a new agreement, but that they never ripened into a settled stipulation. The reply is not at variance with the complaint and does not constitute a departure.

In the absence of any exceptions to the charge of the court or any assignment of error on the admission of evidence, we must presume that the issue was fairly tried and submitted to the jury. Hence we must abide

by its verdict, with the result that the judgment is affirmed. AFFIRMED.

McBRIDE, C. J., and BENSON and HARRIS, JJ., concur.

---

Denied March 11, 1919.

ON PETITION FOR REHEARING.

(179 Pac. 238.)

The petition for rehearing denied.

*Mr. Charles A. Hart,* for the petition.

*Messrs. McNary & McNary* and *Mr. Everil M. Page, contra.*

BURNETT, J. — 5. The document denominated "Petition for Rehearing" has had our careful attention and we find it to be a restatement, largely in identical language, of the oral argument advanced at the hearing. No new viewpoint has been presented in the discussion. When the original opinion was delivered, we had given the issue strict examination and we see no good reason to change the resulting decision.

An additional reason why the instant petition should be denied is found in 89 Or. 721, Rule 25, prescribed by this court for the transaction of business before it, reading thus:

"All applications for rehearing shall be by typewritten or printed petition, signed by counsel, setting forth without argument wherein it is claimed the Court has erred, and shall be filed within twenty days after the filing of the opinion. Counsel may accompany the petition with a printed brief of the authorities upon which they rely in support thereof, but

no oral or typewritten argument will be heard or considered thereon. It will not be necessary for the adverse party to answer such petition unless requested to do so by the Court, but such answer must be printed. No disbursement will be allowed in favor of either party for a petition or briefs on an application for a rehearing.''

In very truth the instrument presented for our attention on rehearing is a typewritten argument on the facts. The rule cited requires that the brief and argument in support of the petition for rehearing shall be printed. The petition or motion itself should be couched in concise terms, separate from argument, so that the court can see at a glance the position assumed by the petitioner. Owing to the great mass of litigation coming to this court, it is imperatively essential that we have orderly rules governing the disposition of cases. The rule quoted was prescribed to the end that contentions of this kind should be reduced to the lowest terms of statement.

The petition before us does not in any sense comply with the established precept, and for this further reason it is denied.   AFFIRMED.   REHEARING DENIED.